**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**NEVIN KERR WHETSTONE**                                                               **PLAINTIFF**

**V.**                           **NO. 4:17CV158-JMV**

**PELICIA HALL, ET AL.**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On January 8, 2018, plaintiff Nevin Kerr Whetstone, an inmate in the custody of the Mississippi Department of Corrections ("MDOC") who is housed at the Mississippi State Penitentiary at Parchman ("Parchman"), appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act ("PLRA") applies to this case because the plaintiff was incarcerated when he filed this lawsuit.

### I. Plaintiff's Allegations

According to Nevin Whetstone's complaint, as clarified at his *Spears* hearing, he suffered an injury to his sacrum[1] when he was in middle school that caused his sacrum to thereafter slip out of place approximately once a month. Whetstone claims that this problem did occur, it was

---

[1] The sacrum is "the part of the spinal column that is directly connected with or forms a part of the pelvis and in humans consists of five fused vertebrae." *See* https://www.merriam-webster.com/dictionary/sacrum (last visited January 10, 2018).

remedied by having a medical provider manipulate his sacrum back into place. Once Whetstone was imprisoned, however, he did not receive the regular manipulations to his sacrum, and in 1990, it "locked" into place, causing him suffer a lower tract problem and, eventually, a spinal collapse.

Whetstone claims he has continually sought treatment from an osteopath, chiropractor, and/or an orthopedic surgeon in the twenty-seven years he has been incarcerated, and that he has never seen an off-site doctor or been provided with any tests. Whetstone states that the penitentiary medical providers who seem sympathetic to his condition have told him that the authorizing officials will not approve a referral to a specialist, while others, such as the defendant medical professionals at Parchman, "minimize" and "downplay" his condition. Whetstone maintains that although he has been given an x-ray and his chart now indicates that he has "abnormal architecture," no medical professional he has seen in the past three years has prescribed him any treatment. As a result, Whetstone contends, more vertebrae have "frozen," and he is growing increasingly immobile.

Whetstone claims that he twice wrote MDOC Commissioner Pelicia Hall complaining of the denial of adequate medical care, and that she did not respond to him or in any way acknowledge receipt of his letters. He also contends that the he filed a grievance with the Administrative Remedies Program ("ARP") Director Richard Pennington in January 2017, and that Pennington's only response was to send Whetstone a form letter stating that he needed to be more specific.

Thereafter, on or about October 25, 2017, Whetstone filed this action under § 1983, Title II of the Americans with Disabilities Act "(ADA") and Section 504 of the Rehabilitation Act

("RA") against defendants Pelicia Hall, Richard Pennington, Angela Brown, Pam Jarrett, Dr. Woodard, and Nurse Hill. Whetstone asks the court to order the State to afford him a medical release and award him compensatory damages for the violations of his statutory and constitutional rights.

## II. Defendants Entitled to Dismissal

Whetstone's only complaint against Commissioner Pelicia Hall is that she refused to respond to his letters. She has no involvement in the allegations contained in this lawsuit beyond her position as Commissioner and cannot be subjected to liability in this action absent some personal wrongdoing. *See Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002) (holding § 1983 does not "create supervisory or *respondeat superior* liability"); *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential elements of a civil rights cause of action."). Therefore, Pelicia Hall should be dismissed as a defendant.

Whetstone complains that Richard Pennington failed to respond to his grievances in a proper manner. However, to state a valid claim under 42 U.S.C. § 1983, a plaintiff must "allege a violation of a right secured. . . by the Constitution or laws of the United States" by a state actor. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). Inmates have no constitutional or federal right to a prison grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994). Therefore, an inmate cannot possess a right to have a grievance resolved. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir.2005). Accordingly, Richard Pennington should be dismissed as a defendant.

At his *Spears* hearing, Whetstone clarified that his complaints concerning Dr. Woodard concerned events that occurred between 1996 to 2009, while Whetstone was housed in a

3

different facility. The court notes that in this § 1983 action, it must apply Mississippi's general three-year statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 250 (1989); *see also* Miss. Code Ann. § 15-1-49; *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990). The accrual period for an injury "begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Pitrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal citations and quotations omitted). Here, Whetstone was clearly aware of his need for medical treatment between 1996 and 2009, but did not bring an action against Dr. Woodard until October of 2017. Therefore, the statute of limitations bars his complaints against Dr. Woodard, and Dr. Woodard should be dismissed as a defendant. [2]

### III. Unavailable Relief

Whetstone requests that the court order his medical release. However, Whetstone cannot obtain release from prison as a form of relief in a civil rights lawsuit. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). Accordingly, this request for relief will be denied.

### IV. ADA/RA

The ADA and RA both prohibit discrimination against qualified individuals with disabilities, though "the statutes govern different entities: The ADA applies only to public

---

[2] While Whetstone mentioned at his *Spears* hearing certain medical evaluation rendered by Defendant Hill in 2011, he did not unequivocally state that her involvement in his medical care was limited to 2011. Therefore, the court will not presume that the statute of limitations bars Whetstone's claims against Hill.

4

entities, including private employers. . . whereas the RA prohibits discrimination in federally-funded programs and activities." *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010) (citing 42 U.S.C. § 12131(1) and 29 U.S.C. § 794(a)). The same legal standard is applicable to both Acts. *Id*. To raise a claim under either Act, a plaintiff must allege (1) that he has a qualifying disability; (2) he is being denied benefits, services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) he is being discriminated against by reason of his disability. *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). Here, Whetstone is complaining of the denial of medical care for his disability, not that he has been discriminated against in some way because of his disability. Neither Act covers the mere absence or inadequacy of medical treatment for a prisoner. *See Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir.1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners .... The ADA does not create a remedy for medical malpractice.")); *see also Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012) (noting "[t]he ADA is not violated by 'a prison's simply failing to attend to the medical needs of its disabled prisoners'"). Therefore, even if the court were to assume that Whetstone otherwise is a qualified individual who has been denied services by a public entity or one receiving federal funds, he cannot state a claim for the denial of medical care under the ADA or RA.

## V. Conclusion

For the reasons as set forth above, Whetstone's claims against Pelicia Hall, Dr. Woodard, and Richard Pennington are dismissed with prejudice. Whetstone's ADA and RA claims are dismissed with prejudice, and he is denied medical release as a form of relief. The court finds,

5

however, that Whetstone has stated a § 1983 claim against Angela Brown, Pam Jarrett, and Nurse Hill for the denial of medical treatment, and process will issue against these defendants.

**SO ORDERED** this the 23rd day of January, 2018.

/s/ JANE M. VIRDEN
UNITED STATES MAGISTRATE JUDGE