# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

NEVIN KERR WHETSTONE                                                                    PLAINTIFF

V.                                                                              NO. 4:17CV158-JMV

PELICIA HALL, ET AL.                                                                  DEFENDANTS

## ORDER

The plaintiff has filed two motions that are pending before the Court: (1) a "Motion to Amend Memorandum Opinion and Order," which the Court construes as a motion for reconsideration; and (2) an "Amended Complaint," which the Court construes as a motion for leave to amend the complaint filed in this action. *See* Docs. #23 & #24. Upon consideration, the motions are denied for the reasons as stated herein.

### I
### Background

On January 23, 2018, this Court entered a Memorandum Opinion and Order regarding the plaintiff's claims that the defendants have denied him appropriate medical treatment in violation of his constitutional and federal statutory rights. Doc. #17. While the Court allowed the plaintiff's constitutional claims to proceed against certain defendants, it also dismissed certain defendants and the plaintiff's statutory claims. *Id*. The plaintiff now seeks reconsideration of the portion of the Memorandum Opinion and Order that (1) dismissed defendants Pelicia Hall and Richard Pennington and (2) dismissed the plaintiff's claim under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). *See* Doc. #23. He also seeks to amend his complaint to clarify that each defendant named in this lawsuit personally knew of his

medical problems and deliberately disregarded his requests for adequate medical treatment. Doc. #24.

## II
## Motion for Reconsideration

The plaintiff's request for reconsideration of the Court's Memorandum Opinion and Order is governed by Federal Rule of Civil Procedure 59(e). An order granting Rule 59(e) relief is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion cannot be used to raise theories or arguments which could, and should, have been made earlier, nor can it be used to re-urge matters that have already been advanced by a party. *Helena Laboratories Corp. v. Alpha Scientific Corp.*, 483 F.Supp.2d 538, 539 (E.D. Tex. 2007) (citation and quotation marks omitted).

A. Hall and Pennington

The plaintiff first maintains that the Court should not have dismissed defendants Pelicia Hall and Richard Pennington, as each responded with deliberate indifference to his pleas for medical attention. The plaintiff claims that he did not give detailed information against these defendants in his complaint because of space constraints, and that he did not expound on their roles in this lawsuit at his *Spears* hearing in an attempt to help the Court expedite the hearing process. The result, the plaintiff states, is that the Court misunderstood his allegations against Hall and Pennington. *See* Doc. #23 at 1. The plaintiff contends that both Hall and Pennington were in violation of various policies by failing to ensure he received medical treatment, and that his letters/grievances to them made them aware of his claim that he was being denied his

constitutional right to medical care. He claims that under existing law, their ability and duty to help him, combined with their knowledge of his lack of treatment, makes them liable for their failure to ensure he received proper medical care.

As previously noted by the Court in its Memorandum Opinion and Order, § 1983 does not "create supervisory or *respondeat superior* liablity." *Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 2002). Rather, "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Therefore, supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause a constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987).

The Court finds no reason to depart from its original ruling in this case. *See* Doc. #17 at 3. Neither Hall nor Pennington are subject to liability under the facts as presented by the plaintiff, as their alleged failure to respond to the plaintiff's letters and grievances is not the type of affirmative, personal involvement in a constitutional deprivation that will subject either of them to constitutional liability. *See, e.g., Mayes v. Valdez*, No. 3:15-CV-3424-M-BH, 2017 WL 4075184, at *7 (N.D. Tex. Aug. 21, 2017), *report and recommendation adopted,* No. 3:15-CV-3424-M-BH, 2017 WL 4022890 (N.D. Tex. Sept. 13, 2017) (collecting cases); *see also Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007) (holding plaintiff's allegation that warden failed to adequately investigate grievance did not amount to constitutional violation). Accordingly, the plaintiff's allegations are insufficient to suggest that either Hall or Pennington, through their own action or inaction, violated the plaintiff's constitutional rights, and they are properly dismissed from this action.

B. ADA/RA

This Court dismissed the plaintiff's claim that the defendants' conduct violated the ADA and/or RA, finding that neither Act "covers the mere absence or inadequacy of medical treatment for a prisoner." Doc. #17 at 5 (citations omitted).

The Court notes that on January 22, 2018, one day before the Memorandum Opinion and Order in this case was entered, the plaintiff signed a memorandum addressed to the Court, in which the plaintiff sought to clarify some of the issues addressed at his *Spears* hearing. *See* Doc. #21. In that document, the plaintiff explicitly stated that he did not intend for the Court to interpret his claims as raising "a discrimination suit." *Id*. In the instant motion, however, the plaintiff claims that he "is a very qualified individual" under both federal statutes, and that the defendants' denial of medical treatment evidences discrimination against him. Doc. #23 at 4.

The ADA and RA exist to protect individuals from being discriminated against because they have disabilities; they do not exist to challenge a person's treatment for a disability. *See Cleveland v. Gautreaux*, 98 F.Supp.3d 717, 746 (M.D. La. Aug. 1, 2016) (noting "the ADA prohibits discrimination because of disability, not inadequate treatment for disability"). That is, neither statute cited by the plaintiff sets out "a standard of care for medical treatment." *See, e.g., Walls v. Tex. Dept. of Crim. J.*, 270 F. App'x 358, 359 (5th Cir. 2008) (noting plaintiff's ADA claim was properly dismissed as "simply a restatement of the denial-of-medical-care claim"). Here, the plaintiff's claim is properly construed as one for the denial of medical care, and his ADA and RA claims were properly dismissed.

# III
# Motion for Leave to Amend

The plaintiff seeks to file an amended complaint to assert that "[a]ll the defendants in this case responded with deliberate indifference to plaintiff's serious medical need." Doc. #24. The plaintiff's request to file an amended complaint is governed by Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).[1]  While leave to amend is not automatic, courts should not deny leave to amend absent a substantial reason for doing so. *See, e.g., Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).  Factors that may be considered in resolving whether leave to amend should be granted include whether there has been undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id*. (citation and quotation marks omitted).

Here, the plaintiff seeks to amend his complaint to attempt to revive the claims and defendants previously dismissed by the Court's prior ruling. It would frustrate the purposes of the Prison Litigation Reform Act ("PLRA") if, after screening, a plaintiff could simply file an amended complaint and reinstate those claims and defendants which had been previously dismissed. Accordingly, based on the futility of amendment, the plaintiff's motion to amend is denied.

---

[1] Rule 15(a) permits parties to amend their pleadings "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Although a responsive pleading has not been served in this matter, the Federal Rules must be considered in conjunction with the likewise applicable Prison Litigation Reform Act ("PLRA"), which requires courts to screen inmate complaints and dismiss appropriate claims and defendants as soon as practicable. 28 U.S.C. § 1915A.

## IV
## Conclusion

For the reasons as set forth herein, the plaintiff's motion for reconsideration [23] is **DENIED**, and the plaintiff's motion to file an amended complaint [24] is **DENIED**.

**SO ORDERED** this 22nd day of February, 2018.

                                        s/ Jane M. Virden
                                        **UNITED STATES MAGISTRATE JUDGE**